

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-61,236-02

### EX PARTE JAMAR ANTWONE JOHNSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W95-01160-M(B) IN THE 194TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to forty-five years' imprisonment.

Applicant filed a previous habeas application, in which he sought an out-of-time petition for discretionary review. Such claims do not constitute a challenge to the merits of a conviction so as to trigger a bar to subsequent applications under Article 11.07, Section 4 of the Texas Code of Criminal Procedure. Applicant's initial application was denied because he had not filed a direct appeal in this case, and therefore did not have any basis upon which to petition this Court for

discretionary review.  In this application, Applicant contends that his counsel rendered ineffective assistance because counsel failed to advise him about his appellate rights and failed to timely file a notice of appeal, despite Applicant's expression of a desire to appeal.

Applicant has alleged facts that, if true, might entitle him to relief.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988).  In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.  The trial court shall order counsel to respond to Applicant's claim of ineffective assistance of counsel.  The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing.  TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was advised of his right to appeal, and shall supplement the record with a copy of the trial court's certification of defendant's right to appeal.  The trial court shall make findings of fact as to whether Applicant expressed a desire to appeal, and if so, whether trial counsel filed a notice of appeal or asked that appellate counsel be appointed to represent Applicant on appeal.  The trial court shall make findings of fact as to whether trial counsel ever officially withdrew from the representation in this case.  The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal.  The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 12, 2017
Do not publish